IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**MARGI R. DANE AND FRANCIS V. DANE,**

        Plaintiffs,

        v.

**INDYMAC MORTGAGE SERVICES and INDYMAC BANK, FSB, both now known as OneWest Bank, FSB**,

        Defendant.

No. 3:13-cv-00746-MO

OPINION AND ORDER

**MOSMAN, J.**,

    Plaintiffs Margi and Francis Dane filed a complaint [1] against IndyMac Mortgage Services and IndyMac Bank, FSB ("IndyMac"), [1] on May 2, 2013. The Danes assert a claim under Oregon's Unfair Trade Practices Act ("UTPA"), claims of breach of contract and breach of the implied covenant of good faith and fair dealing, and a claim for reformation. OneWest

---

[1] IndyMac and IndyMac Mortgage Services no longer exist, having gone into receivership and their assets sold to OneWest Bank, FSB, in 2009.

1 – OPINION AND ORDER

Bank, FSB ("OneWest"), moved [9] to dismiss the complaint on June 17, 2013. Because I find that this Court lacks subject matter jurisdiction over these claims, I grant OneWest's motion.

## DISCUSSION

The Financial Institutions Reform, Recovery, and Enforcement Act ("FIRREA") empowers the FDIC to "act as receiver or conservator of a failed institution for the protection of depositors and creditors." *Benson v. JPMorgan Chase Bank, N.A.*, 673 F.3d 1207, 1211 (9th Cir. 2012) (internal quotation omitted). FIRREA lays out a scheme for asserting claims against a financial institution subject to FDIC receivership or conservatorship. 12 U.S.C. § 1821(d)(3)–(13). Where a financial institution has failed and the FDIC has assumed receivership, "no court shall have jurisdiction over . . . (ii) any claim relating to any act or omission of such institution or the [FDIC] as receiver" unless that claim was first exhausted before the FDIC. 12 U.S.C. § 1821(d)(13)(D)(ii); *Benson*, 673 F.3d at 1211–12.

FIRREA's jurisdiction-stripping provision "distinguishes claims on their factual bases rather than on the identity of the defendant." *Benson*, 673 F.3d at 1212. A plaintiff is required to exhaust her claim before the FDIC whenever it is based on the conduct of a failed institution, even where the plaintiff does not name that institution as a defendant. *Id.* The jurisdictional bar applies even where the failed bank or some of its assets are transferred to another bank by the FDIC. *Id.* at 1214–15.[2]

---

[2] Other circuits in addition to the Ninth have reached the same conclusion. *See Farnik v. FDIC*, 707 F.3d 717, 723 (7th Cir. 2013) ("[T]he FIRREA administrative exhaustion requirement is based not on the entity named as defendant but on the actor responsible for the alleged wrongdoing."); *Am. Nat'l Ins. Co. v. FDIC*, 642 F.3d 1137, 1144 (D.C. Cir. 2011) ("Where a claim is *functionally*, albeit not *formally*, against a depository institution for which the FDIC is receiver," it is subject to the jurisdictional bar for failure of exhaustion) (emphasis in original); *Village of Oakwood v. State Bank and Trust Co.*, 539 F.3d 373, 386 (6th Cir. 2008) (holding that the exhaustion requirement applied to claims against a purchasing bank that were "directly related to acts or omissions of the FDIC as receiver" of a failed bank); *Am. First Federal, Inc. v. Lake Forest Park, Inc.*, 198 F.3d 1259, 1263 n.3 (11th Cir. 1999) (holding that claims against a purchasing bank based on actions of the receiver are subject to exhaustion because the purchasing bank "stands in the shoes" of the receiver).

Defendant IndyMac is a failed institution, and claims based on its conduct before entering receivership are subject to FIRREA's exhaustion requirement. The FDIC was appointed receiver of IndyMac on July 11, 2008. (Master Purch. Agr. [10] at 44.) In March of 2009, OneWest and the FDIC executed a purchase agreement for certain of IndyMac's assets and liabilities. (*Id.*; Serv. Purch. Agr. [10] at 49.) Claims based on IndyMac's conduct before the FDIC took control are subject to the exhaustion requirement notwithstanding OneWest's purchase of IndyMac's assets.

The Danes do not allege in their complaint that they have ever presented their claims against IndyMac to the FDIC. This Court therefore lacks subject matter jurisdiction under FIRREA.

## CONCLUSION

Because I find that this Court lacks subject matter jurisdiction, OneWest's motion to dismiss [9] is GRANTED. Leave to amend is denied.

IT IS SO ORDERED.

DATED this   11th   day of October, 2013.

/s/ Michael W. Mosman  
MICHAEL W. MOSMAN  
United States District Judge

3 – OPINION AND ORDER